

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| MIDWEST CLEARANCE CENTERS, LLC, | ) | No. ED111193 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Joseph S. Dueker |
| ST. LOUIS RETAIL OUTLET, LLC, AND | ) | |
| NAMDAR REALTY GROUP, LLC, | ) | |
| | ) | |
| Respondents. | ) | FILED: November 28, 2023 |

## Introduction

Midwest Clearance Centers, LLC ("Appellant") appeals from the trial court's ruling setting aside a purported default judgment entered in September 2022 ("September Judgment"). Appellant raises two points on appeal, arguing the trial court erred in granting a motion by St. Louis Retail Outlet, LLC and Namdar Realty Group, LLC ("Respondents") to set aside the September Judgment under the procedural mechanisms of either Rule 74.05(d) or Rule 75.01.[1] First, Appellant maintains the trial court lacked authority to set aside the judgment under Rule 74.05(d) because there was no default judgment to set aside in that Respondents filed an answer to the petition and litigated the case before failing to appear at trial. Second, Appellant contends the trial court lacked authority to vacate the September Judgment pursuant to Rule 75.01 because

---

[1] All Rule references are to Mo. R. Civ. P. (2022).

Respondents did not adduce good cause to vacate the judgment as required under the rule. Because there is no final judgment in the case, we lack jurisdiction to review the appeal. Specifically, as both parties acknowledge, Respondents answered the petition and defended the action. Accordingly, the September Judgment cannot be deemed a default judgment. Absent a default judgment in the record, we cannot premise our jurisdiction on the immediate right to an appeal taken from a trial court's ruling on a Rule 74.05(d) motion to set aside a default judgment. Further, to the extent that the trial court vacated the September Judgment under Rule 75.01 prior to it becoming a final judgment, that action is unreviewable absent a final judgment in the case. Accordingly, we must dismiss the appeal.

## Factual and Procedural History

Appellant filed an action in the circuit court against Respondents arising out of a commercial lease dispute. Counsel ("Counsel") and another attorney from the same firm ("Co-Counsel") entered their appearances on behalf of Respondents. Respondents moved for extensions of time in which to answer Appellant's original and first amended petitions. Respondents later filed a Motion to Dismiss or in the Alternative a Motion for More Definite Statement. Following a hearing, the trial court granted Respondents' motion, dismissing two counts of the First Amended Petition without prejudice and granting Appellant leave to file a Second Amended Petition.

Appellant filed its Second Amended Petition on February 7, 2020, adding a third defendant and bringing claims for breach of contract and alter ego as well as a declaratory judgment concerning the lease. Between February 25 and May 11, 2020, Respondents filed six Motions for Extension of Time to File Responsive Pleadings to the Second Amended Petition, which the trial court granted. Respondents filed their Answer and Affirmative Defenses to the Second Amended Petition on May 20, 2020.

All parties appeared at a case management conference on July 22, 2020, where they consented to continue the case for approximately one year due to the COVID-19 pandemic. The parties appeared before the trial court again on October 21, 2021, where the matter was set for trial. The trial court referred the parties to alternative dispute resolution, and the parties unsuccessfully attempted mediation. All parties appeared at pre-trial conferences in March 2021 and May 2021, at which the circuit court continued the trial setting.

Co-Counsel for Respondents moved for leave to withdraw from representation in June 2021, which the trial court granted. Throughout 2021, the parties appeared at various pre-trial and settlement conferences, and a trial date was ultimately set for September 6, 2022. Counsel for Respondents moved for leave to withdraw from representation on May 27, 2022, alleging nonpayment of attorneys' fees. Counsel affirmed she complied with the notice of termination requirements set forth in state and local rules. Counsel amended her motion for leave to withdraw, and the trial court set her motion for a hearing on July 7, 2022 via Webex. Counsel attested she sent notice of the hearing to Respondents. Respondents failed to appear at the withdrawal hearing conducted by the trial court on July 7, 2022. Following the hearing, the trial court granted Counsel leave to withdraw as counsel of record for Respondents, leaving Respondents acting pro se.

The case was called for a jury trial on September 6, 2022. Appellant appeared and announced ready for trial. No one appeared on behalf of Respondents. The trial court found Respondents waived a jury trial by failing to appear at trial pursuant to Rule 69.01(b)(1). At Appellant's request, the trial court entered an Interlocutory Order of Default and Partial Judgment in favor of Appellant, striking Respondents' pleadings and directing Appellant to file an affidavit as to damages and a proposed final judgment.

On September 13, 2022, Appellant filed an affidavit from its owner ("Owner") with five supporting exhibits, setting forth liability for the allegations in the Second Amended Petition and damages therefrom. Appellant concurrently filed a proposed order and final judgment.

On September 15, 2022, the trial court entered the September Judgment in favor of Appellant. The September Judgment stated that the case was tried and submitted based on the pleadings and Owner's affidavit. The September Judgment held Respondents jointly and severally liable and awarded damages and attorneys' fees and costs with post-judgment interest. The September Judgment did not mention the word "default" and was denoted "Judgment Entered" in the docket. However, a separate docket entry also denoted the September Judgment as a "Default Judgment." The parties and trial court have repeatedly referred to the September Judgment as a default judgment.

On October 6, 2022, Counsel reentered her appearance and filed on behalf of Respondents a Motion to Set Aside the Default Judgment pursuant to Rule 74.05(d). Respondents argued they had good cause and a meritorious defense to the claims raised in the Second Amended Petition to allow the default judgment to be set aside. Respondents attached an affidavit in support from their new in-house counsel ("In-House Counsel"). Respondents explained they were unable to obtain new outside counsel in time for trial. In-House Counsel stated by affidavit that he had not learned that Respondents were without counsel until the case was called for trial, at which time he called the court clerk and spoke with Appellant's counsel, who was in the courtroom for the trial and did not agree to continue the trial setting. The following day, October 7, 2022, Respondents moved to shorten time for a hearing on the motion to October 12, 2022, arguing it should be heard before the September Judgment became final. The same day, the trial court set the motion for October 12 as requested. Appellant opposed

4

Respondents' motion to set aside, arguing that no facts or law supported setting aside the September Judgment. Appellant further stated it was prepared to cross-examine In-House Counsel at the motion hearing.

At the hearing on Respondents' Motion to Set Aside the Default Judgment, all parties appeared by counsel and restated the arguments in their briefing. In addition to arguing the trial court should set aside the September Judgment for good cause and a meritorious defense under Rule 74.05(d), Respondents suggested that the trial court also retained discretion to amend the September Judgment under Rule 75.01 because thirty days had not yet run from the entry of the September Judgment. Over Appellant's objection that Respondents had only briefed setting aside the September Judgment under Rule 74.05(d), Respondents explained that the September Judgment was an "irregular" default judgment because Respondents had moved to dismiss, answered, and filed affirmative defenses. Respondents reasoned that the trial court therefore lacked any justification or authority to have entered an interlocutory order or judgment of default under Rule 74.05. Respondents further argued that the trial court appropriately vacated the September Judgment because Appellant had the opportunity to try the case on the merits despite the Respondents' absence but did not do so, and because Owner's affidavit alone did not prove Appellant's claims on the merits, particularly the claims of alter ego and lost profits.

The trial court granted Respondents' Motion to Set Aside the Default [September] Judgment. The trial court stated it was going to "grant the motion for the reasons stated in the [Respondents'] motion and under Rules 74.05 and 75.01." In its order entered on October 12, 2022, the trial court stated: "[Respondents'] Motion to Set Aside the Default Judgment is called, heard, and granted. Pursuant to Rules 74.05 and 75.01, the Court sets aside the Judgment dated September 15, 2022."

5

Appellant asked the trial court to denominate the October 12 order as a judgment under Rule 74.01(a), and also filed its appeal from the order with this Court. Because the trial court had not yet ruled on Appellant's request to denominate the October 12 order as a judgment, this Court issued an order to show cause why the appeal should not be dismissed for lack of a final judgment. On April 6, 2023, the trial court held a hearing on Appellant's request to denominate the October 12 order as a judgment. The trial court restated its belief that the October 12 order setting aside the Judgment was a non-appealable, interlocutory order. However, over Respondents' objection, the trial court denominated the October 12 order as a judgment (the "2023 Judgment"). Appellant supplemented the record on appeal with the 2023 Judgment in response to our order to show cause, and this appeal follows.

## Points on Appeal

Point One argues the trial court erred in entering the 2023 Judgment setting aside the September Judgment under Rule 74.05(d) because the September Judgment was not a true "default judgment" but was instead a judgment on the merits, such that the trial court abused its discretion in applying default-judgment Rule 74.05(d) to set it aside. Point Two asserts the trial court abused its discretion in entering the 2023 Judgment setting aside the September Judgment under Rule 75.01 because Respondents' failure to appear at trial did not constitute "good cause" allowing the trial court to vacate the September Judgment.

## Jurisdiction

Preliminarily, both parties acknowledge that our jurisdiction is at issue given the case's problematic procedural history.

"The right to appeal is purely statutory, and where a statute does not give a right to appeal, no right exists." Jefferson Cnty. 9-1-1 Dispatch v. Plaggenberg, 645 S.W.3d 473, 475

6

(Mo. banc 2022) (internal quotation omitted). The only statute applicable to this case is Section 512.020(5),[2] which provides that a "final judgment" is appealable. See id. "A prerequisite to appellate review is that there be a final judgment." Gibson v. Brewer, 952 S.W.2d 239, 244 (Mo. banc 1997) (internal quotation omitted). "An appealable judgment resolves all issues in a case, leaving nothing for future determination." Id. (internal citation omitted); see also Jefferson Cnty. 9-1-1 Dispatch, 645 S.W.3d at 475 (internal citation omitted) ("A judgment is a 'final judgment' for purposes of [S]ection 512.020(5) if it disposes of all claims (or the last pending claim) in a lawsuit.").[3] If a trial court's judgment is not final, then we lack jurisdiction and must dismiss the appeal. Gibson, 952 S.W.2d at 244 (internal citation omitted); Energy Mkt. 709, LLC v. City of Chesterfield, 614 S.W.3d 643, 647 (Mo. App. E.D. 2020) (internal citation omitted).

Appellant appeals from the 2023 Judgment, which contains the trial court's order granting Respondents' motion to set aside the September Judgment under *either* Rule 74.05(d) *or* Rule 75.01. At Appellant's request, the trial court denominated that order as a judgment under Rule 74.01(a) over Respondents' objection. Although the trial court denominated its order as a judgment, the trial court's denomination is not determinative of whether the judgment was in fact a judgment under Rule 74.01(a) nor whether that judgment was final for purposes of appeal. See Gibson, 952 S.W.2d at 244 (internal citation omitted). Indeed, the transcript of the April 6 hearing shows that despite *denominating* the order as a judgment, the trial court maintained its belief that its ruling on Respondents' motion to set aside was an interlocutory order. We must determine whether the 2023 Judgment is a final, appealable judgment. See id.

---

[2] All Section references are to RSMo (2016).
[3] "A judgment that is not a 'final judgment' in this traditional sense can still be a 'final judgment' for purposes of [S]ection 512.020(5) if it is eligible to be—and actually is—certified as such by the circuit court under Rule 74.01(b)." Jefferson Cnty. 9-1-1 Dispatch, 645 S.W.3d at 475–76 (internal citation omitted). Here, the parties do not suggest that certification under Rule 74.01(b) was applicable nor did the trial court certify the 2023 Judgment as final for appeal under Rule 74.01(b).

This appeal presents two theories of jurisdiction, depending on whether the 2023 Judgment is viewed as a grant of a motion to set aside *a default judgment under Rule 74.05(d)* or whether the 2023 Judgment is characterized as a grant of a motion to set aside *a judgment on the merits under Rule 75.01*. Because our review of the record and analysis concludes that *neither* theory supports a finding of appellate jurisdiction over the case, we must dismiss the appeal. See Energy Mkt. 709, LLC, 614 S.W.3d at 647 (internal citation omitted).

## I.   Point One—No Jurisdiction Premised on Setting Aside the Purported Default Judgment

Appellant maintains we have jurisdiction over this appeal because the 2023 Judgment set aside a default judgment on improper grounds, giving rise to an immediate appeal.

Appellant correctly notes that Rule 74.05(d) permits an immediate appeal from a trial court's ruling on a motion to set aside a *default judgment.* Saturn of Tiffany Springs v. McDaris, 331 S.W.3d 704, 709 (Mo. App. W.D. 2011) (internal citation omitted) (noting a trial court's ruling under Rule 74.05(d) "granting or denying a motion to set aside a default judgment is a final judgment eligible for immediate appellate review"); AMG Franchises, Inc. v. Crack Team USA, Inc., 289 S.W.3d 655, 658 (Mo. App. E.D. 2009) (internal citation omitted); see Moore v. Crocker, 643 S.W.3d 926, 928 (Mo. App. E.D. 2022) (internal quotation omitted) (explaining "[t]he 'typical path' for appellate review of a default judgment is 'filing a motion to set aside the default judgment under Rule 74.05(d), and then appealing from a judgment denying that motion'"). Thus, if the September Judgment was a default judgment under Rule 74.05(a), then we would have jurisdiction to review the 2023 Judgment granting Respondents' motion to set it aside for an abuse of the trial court's discretion. See Moore, 643 S.W.3d at 928 (internal citation omitted); Saturn of Tiffany Springs, 331 S.W.3d at 709 (internal citation omitted); AMG Franchises, Inc., 289 S.W.3d at 658 (internal citation omitted).

8

However, as both parties have recognized over the course of this case, the September Judgment was not a proper default judgment under Rule 74.05(a).

Rule 74.05 governs orders and judgments of default. Rule 74.05 provides that a trial court may enter a default judgment or an interlocutory order of default "[w]hen a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend* as provided by these rules[.]" Rule 74.05(a), (b) (emphasis added); Vang v. Barney, 480 S.W.3d 473, 475 (Mo. App. W.D. 2016) (quoting Edwards v. Black Twig Mktg. & Commc'ns LLC, 418 S.W.3d 512, 517 (Mo. App. E.D. 2013)). On the contrary, "[w]here a party has filed an answer, a subsequent judgment is not a default judgment, but a judgment on the merits." Vang, 480 S.W.3d at 475 (quoting Edwards, 418 S.W.3d at 517).

> It is well-established that Rule 74.05(d)'s prerequisites for a motion to set aside are inapplicable when the record shows that the defendant pleaded an answer to the petition or otherwise defended against the petition. Even a defendant's timely *attempt* to file pleadings has been held sufficient for otherwise defending per Rule 74.05(d). In such instances, a judgment entered is not a default judgment, but is a judgment on the merits.

Belto v. White-Belto, 597 S.W.3d 384, 387 (Mo. App. S.D. 2020) (quoting Bramer v. Abston, 553 S.W.3d 872, 880–81 (Mo. App. S.D. 2018)); Beeman v. Beeman, 296 S.W.3d 514, 517–18 (Mo. App. W.D. 2009) (citing Everest Reinsurance Co. v. Kerr, 253 S.W.3d 100, 104 (Mo. App. W.D. 2008)). Particularly relevant to the procedural posture of this case, "[w]here a party has filed a responsive pleading but then fails to appear at a hearing on the case, *a resulting adverse judgment is a judgment on the merits even if the court has struck the party's pleadings.*" Vang, 480 S.W.3d at 475 (emphasis added) (quoting Edwards, 418 S.W.3d at 517–18).

Here, there was no default under Rule 74.05. See Rule 74.05. After filing six Motions for Extension of Time to File Responsive Pleadings, Respondents answered the Second Amended Petition and raised affirmative defenses. Respondents appeared at a case management

9

conference on July 22, 2020, then consented to continue the case during the COVID-19 pandemic. Respondents appeared at three additional pre-trial conferences in between unsuccessful attempts to mediate the dispute. When the case was called for a jury trial on September 6, 2022, Respondents failed to appear. However, this failure to appear at trial did not support the entry of a default judgment or interlocutory order of default. See Rule 74.05(a), (b). Instead, the September Judgment following Respondents' answer and pre-trial litigation was necessarily a judgment on the merits. See Vang, 480 S.W.3d at 475 (quoting Edwards, 418 S.W.3d at 517–18).

Because the September Judgment was not a default judgment, Respondents could not move to set it aside under Rule 74.05(d), nor could the trial court properly grant such a motion on those grounds. See id. "[I]f the defendant 'file[d] an answer in a timely fashion, the Rule 74.05(d) test for setting aside the default judgment is inapplicable, because the default judgment was improper in the first place.'" Everest Reinsurance Co., 253 S.W.3d at 104 (internal quotation omitted). Thus, to the extent that Appellant's Point One contends the September Judgment was not a true default judgment, we agree. However, this finding does not mandate reversal but instead unmoors the footings of our jurisdiction over the appeal. Specifically, our jurisdiction to grant immediate review of a trial court's ruling setting aside a default judgment under Rule 74.05(d) is *contingent* upon there being a default judgment to set aside. See Moore, 643 S.W.3d at 928 (internal citation omitted); Saturn of Tiffany Springs, 331 S.W.3d at 709 (internal citation omitted); AMG Franchises, Inc., 289 S.W.3d at 658 (internal citation omitted).[4]

---

[4] Rule 74.05(d) rulings setting aside default judgments are independent actions subject to immediate appellate review. See Rule 74.05(d) ("A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04, 78.06, or 81.05.").

We cannot premise jurisdiction on the immediate appealability of a trial court's ruling on a motion to set aside a default judgment absent a default judgment in the record.

Nevertheless, the trial court did not solely rely on Rule 74.05(d) to set aside the September Judgment. Missouri courts have sometimes reviewed improperly designated Rule 74.05(d) rulings under other procedural rules where applicable. See, e.g., Vang, 480 S.W.3d at 476–77 (treating an improperly designated Rule 74.05(d) ruling as a Rule 74.06 ruling); Brooks v. Brooks, 800 S.W.2d 468, 470 (Mo. App. E.D. 1990) (treating an improperly designated Rule 74.05(d) ruling as an after-trial Rule 78.01 ruling); see also Cowger v. Livingston, 182 S.W.3d 783, 787 (Mo. App. W.D. 2006) (treating an improperly designated Rule 74.05(d) ruling as a Rule 75.01 ruling but concluding there was no jurisdiction for lack of a final judgment). Here, the trial court also explicitly relied on Rule 75.01 as another basis for setting aside the September Judgment, which we consider below.

## II. Point Two—The Trial Court's 2023 Judgment Setting Aside the September Judgment under Rule 75.01 is not a Final, Appealable Judgment

Appellant maintains that if the trial court set aside the September Judgment under Rule 75.01, then the 2023 Judgment was an abuse of discretion because Respondents' failure to appear at trial was not "good cause" to vacate the September Judgment. Respondents suggest we lack jurisdiction to review the 2023 Judgment because the Rule 75.01 ruling was substantively an interlocutory order vacating the September Judgment, leaving no final judgment for our review. We agree with Respondents.

An appeal only lies from a final judgment. See Energy Mkt. 709, LLC, 614 S.W.3d at 647 (internal citations omitted). "A judgment becomes final at the expiration of thirty days after

11

its entry if no timely authorized after-trial motion is filed."[5] Rule 81.05(a)(1); <u>Yuncker v. Dodds Logistics, LLC</u>, 649 S.W.3d 141, 148 (Mo. App. W.D. 2022). "[T]he purpose and function of Rule 81.05(a)(1)'s delay of the finality of a judgment for [thirty] days . . . is to allow the trial court to 'retain[ ] control over judgments during the thirty-day period'" pursuant to Rule 75.01. <u>Sanford v. CenturyTel of Missouri, LLC</u>, 490 S.W.3d 717, 720 (Mo. banc 2016) (quoting Rule 75.01). Indeed, a trial court "retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." Rule 75.01; <u>see</u> <u>Cowger</u>, 182 S.W.3d at 787 (internal citation omitted). "The purpose of Rule 75.01 is to permit the trial court to rectify any errors in the judgment, and thus simplify or forestall any further litigation at the appellate level." <u>In re Marriage of Bennett</u>, 938 S.W.2d 952, 956 (Mo. App. S.D. 1997) (internal citation omitted). A judgment that has been vacated pursuant to Rule 75.01 ceases to have effect. <u>See</u> <u>id.</u>

Here, as discussed in the preceding section, the September Judgment was not a default judgment but instead was a judgment on the merits that resolved all claims in the Second Amended Petition. <u>See</u> Rule 74.01(a); <u>Vang</u>, 480 S.W.3d at 475 (quoting <u>Edwards</u>, 418 S.W.3d at 517–18). The September Judgment would have become a final judgment after thirty days. <u>See</u> Rule 81.05(a)(1). However, the trial court acted within thirty days to vacate the September

---

[5] Respondents do not suggest we treat their motion to set aside the September Judgment as a Rule 78.01 motion for new trial. <u>See</u> <u>Brooks</u>, 800 S.W.2d at 470 (treating an order denying a Rule 74.05(d) motion to set aside a default as a denial of a Rule 78.01 motion for a new trial where the trial court did not treat the dissolution proceeding as a default matter but instead heard live testimony on the merits of the allegations in the pleadings). Although Appellant raises this notion for the first time in the reply brief, Respondents maintain no trial actually occurred during their nonappearance, as Appellant requested a default order rather than trying the case in open court. Rule 78.01 was not presented to the trial court for consideration, nor argued by the Respondents, and is not before us on appeal. <u>See</u> <u>Schaberg v. Schaberg</u>, 637 S.W.3d 512, 523 (Mo. App. E.D. 2021) (internal citation omitted) ("If a claim of error was not presented for the trial court's review, we will not consider the issue for the first time on appeal.").

Judgment. Specifically, within thirty days of entering the September Judgment, the trial court held a hearing on Respondents' motion to set it aside and granted the motion under either Rule 74.05(d) or Rule 75.01. "Supreme Court Rules 74.05, 74.06, and 75.01 each provide a procedural means for setting aside judgments, with each rule having its own standard for relief." Gibson v. White, 904 S.W.2d 22, 24 (Mo. App. W.D. 1995) (citing Cotleur v. Danziger, 870 S.W.2d 234, 236 (Mo. banc 1994)). The trial court's identification of two different procedural rules as grounds for its motion ruling is not a model of clarity. To add to the confusion, the record indicates that the parties and the trial court began the motion hearing under the presumption that the September Judgment was a "default judgment," as indicated in one docket entry despite the absence of the word "default" anywhere on the face of the September Judgment. Nevertheless, "if a trial court sets aside the [purported] default judgment within the initial thirty days, [it] is deemed to have acted on its own initiative even though the order refers to the party's motion to set aside and sustains it." Cowger, 182 S.W.3d at 787 (internal quotation omitted). Here, at the motion hearing, Respondents raised Rule 75.01 as an alternative basis for the trial court to change the September Judgment before it became final. [6] Respondents noted the

---

[6] We note that Respondents do not argue the trial court otherwise properly set aside the September Judgment under Rule 74.06. "Under Rule 74.06 a trial court has jurisdiction to entertain requests for relief from judgments and orders even after the 30–day period described in Rule 75.01." Gibson, 904 S.W.2d at 24 (internal quotation omitted). Indeed, "[t]o set aside a 'judgment on the merits,' the proper standard is found in Rule 74.06, not Rule 74.05." Vang, 480 S.W.3d at 475 (quoting Edwards, 418 S.W.3d at 518); see also Bramer, 553 S.W.3d at 881 (considering a preserved claim that an inapplicable Rule 74.05 motion could be reviewed under Rule 74.06); Dixon v. Thompson, 235 S.W.3d 568, 570 (Mo. App. S.D. 2007) (treating a motion to set aside as being made under Rule 74.06 and not Rule 74.05 when the case was called for trial and evidence was adduced). Rule 74.06 allows a trial court to set aside a judgment or order when there is (1) mistake, inadvertence, surprise, or excusable neglect, (2) fraud or misrepresentation, (3) an irregular judgment, (4) a void judgment, or (5) a satisfied judgment. Rule 74.06(b). In considering Rules 74.05, 74.06, and 75.01, "[o]f the three, Rule 74.06 requires the highest standard for setting aside a judgment, giving effect to the interests in stability of final judgments and precedent." Gibson, 904 S.W.2d at 24 (citing Cotleur, 870 S.W.2d at 236); see also Vang, 480 S.W.3d at 476 (finding a tenant's motion alleging good cause to set aside a purported default judgment because she went to the wrong courtroom due to confusing courthouse construction signage sufficiently alleged a mistake under Rule 74.06, thereby warranting a hearing before the motion could be denied). Here, because the applicability of Rule 74.06 was not raised before the trial court, it will likewise not be considered on appeal. See Schaberg, 637 S.W.3d at 523 (internal citation omitted).

13

irregularity of the so-called default judgment, pointing out that they had answered the Second Amended Petition, thus the September Judgment could not be a default judgment. Critically, we do not reach the merits as to whether the trial court abused its discretion in applying the good-cause standard to set aside the September Judgment under Rule 75.01. Instead, we run into a jurisdictional roadblock. See id. at 788 (internal citation omitted) (noting that if a trial court acts within its authority to set aside a purported default judgment within the period during which it retains control, the judgment never becomes final).

If the trial court vacated the September Judgment under Rule 75.01, all that remains in the record for review is an interlocutory order granting a motion to set aside a judgment, which is not a final, appealable judgment. See id.; Gibson, 952 S.W.2d at 244 (internal citation omitted). The Appellant requested the trial court denominate the October 12 *order* granting Respondents' motion to set aside the September Judgment as a *judgment*. After a hearing and over Respondents' objection, the trial court granted Appellant's request, designating the October 12 order as the 2023 Judgment from which Appellant now appeals. However, that designation is not dispositive of whether the 2023 Judgment is a final, appealable judgment. "The designation by a trial court that its order is final and appealable is not conclusive[;] [i]t is the content, substance, and effect of the order that determines finality and appealability." Gibson, 952 S.W.2d at 244 (internal citations omitted); see also Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC, 578 S.W.3d 758, 762 (Mo. banc 2019) (noting our long-standing precedent to review the content, substance, and effect a trial court's order, as well as the trial court's intent and purpose in entering the order, rather than how it is titled). A judgment is the final determination of the rights of the parties in a given case. See Rule 74.01(a). In contrast,

"[e]very direction of a court made or entered in writing and not included in a judgment is an order." Rule 74.02; see also Section 506.050.

Looking to the substance and intention of the 2023 Judgment, we are firmly convinced that—despite its title—it reflects an interlocutory order setting aside the September Judgment. The transcript of the April 6 hearing shows that the trial court maintained its belief that its ruling on Respondents' motion was an interlocutory order. The 2023 Judgment cannot be a final, appealable judgment because it offers no final determination of the rights of the parties. The 2023 Judgment merely vacated the earlier September Judgment and left the parties in position to continue litigating the claims in the Second Amended Petition. See Rules 74.01(a), 74.02; Cowger, 182 S.W.3d at 788 (internal citation omitted). Unlike motion rulings under Rule 74.05(d), a ruling to set aside a judgment under Rule 75.01 does not give rise to a final judgment subject to immediate appellate review. Compare Cowger, 182 S.W.3d at 788 (dismissing an appeal from a Rule 75.01 ruling) with Indep. Sch. Dist. No. 30 v. Cnty. of Jackson, 666 S.W.3d 279, 283 (Mo. App. W.D. 2023) (reviewing an appeal from a Rule 74.05(d) ruling). "Without a final judgment, an appellate court lacks jurisdiction to hear the appeal." Cowger, 182 S.W.3d at 788 (internal citations omitted). Until the trial court issues a final judgment in this case, we have no jurisdiction to review its ruling on Respondents' motion to set aside the September Judgment and must dismiss the appeal. See id.; see also Gibson, 952 S.W.2d at 244 (internal citation omitted); Energy Mkt. 709, LLC, 614 S.W.3d at 647 (internal citations omitted).

## III. Jurisdictional Summary

We are loathe to dismiss the appeal given the compounding procedural errors that led to the present conundrum. We cannot admonish Respondents for erroneously moving to set aside the September Judgment under Rule 74.05(d) without admonishing Appellant for improperly requesting the trial court issue an order of default following Respondents' nonappearance at

15

trial.[7] Because there was no basis for a default judgment, the trial court would have erred in granting any motion to set aside a non-existent default judgment premised on inapplicable default-judgment rules. See Belto, 597 S.W.3d at 387 (quoting Bramer, 553 S.W.3d at 880–81); Beeman, 296 S.W.3d at 517–18 (citing Everest Reinsurance Co., 253 S.W.3d at 104). Likewise, appellate jurisdiction cannot rest on a faulty premise. We are compelled to conclude that we lack jurisdiction over this appeal for lack of a final judgment regardless of whether the trial court ruled to set aside the September Judgment under either Rule 74.05(d) or Rule 75.01. See Cowger, 182 S.W.3d at 788; see also Gibson, 952 S.W.2d at 244 (internal quotation omitted). Accordingly, we must dismiss the appeal.

Conclusion

The appeal is dismissed.

KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.

---

[7] The proper procedure when Respondents did not appear for trial was for Appellant to proceed by trying its case through a bench trial and putting on evidence in open court, even if Respondents' pleadings were struck. See, e.g., Belto, 597 S.W.3d at 387–88 (considering the fact that the husband put on evidence by testifying in open court when the wife failed to appear for trial in determining the remedy for a judgment being improperly designated a default judgment); Bramer, 553 S.W.3d at 881 (considering the fact that there had been a trial on an earlier petition and evidence adduced on the operative petition in determining the remedy for a judgment being improperly designated a default judgment). Here, the record shows the trial court called the case for trial and, instead of trying its case, Appellant requested the trial court strike Respondents' pleadings and enter an interlocutory judgment of default. The trial court directed Appellant to file an affidavit only as to damages. We recognize that a trial court is permitted to keep a trial record open for the submission of additional evidence, which Appellants arguably provided in the form of an affidavit that spoke not only to damages but also to liability. However, Respondents aptly pointed out to the trial court that the record was unclear whether the September Judgment was substantively based on a default on liability with damages determined by Appellant's affidavit or, alternatively, based on a trial in which the record was held open for the submission of Appellant's affidavit as the evidence on liability supporting the judgment. Respondents' failure to appear at trial did not relieve Appellant of the burden to adduce evidence to support a judgment on the merits in its favor. Additionally, the trial court needed to provide notice to Respondents pursuant to Rule 74.03 of its September 6, 2022 order striking their pleadings and entering a partial judgment of "default" against them. See Rule 74.03 ("Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment."); Edwards, 418 S.W.3d at 518 (internal citations omitted).

16